# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0156
Lower Tribunal No. 21-30744-CC-05
_____


**Franz Rigg,**
Appellant,

vs.

**Bank of America, N.A.,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Franz Rigg, in proper person.

Liebler Gonzalez & Portuondo, and Tricia J. Duthiers, for appellee.


Before LOGUE, C.J., and GORDO and GOODEN, JJ.

LOGUE, C.J.

Franz Rigg appeals an order of dismissal for lack of prosecution. On

July 21, 2023, the trial court issued a standard Notice of Lack of Prosecution

pursuant to Florida Rule of Civil Procedure 1.420(e). In response, on August 17, 2023, Rigg filed an Amended Complaint and a Motion for Service of Process with attachments. In the ensuing months, Rigg requested and received extensions of time to effectuate process but failed to effectuate process. On December 4, 2023, the trial court dismissed the case for lack of prosecution in an order that read as follows:

> Pursuant to Florida Rule of Civil Procedure 1.420(e), it appears to this Court that no actions have taken place for a period of ten (10) months and after notice to the parties, no record activity has occurred within 60 days of that notice; and, no stay has been approved by this Court; and, no written showing of good cause filed or granted as to why this action should remain pending, this matter is: **<u>DISMISSED WITHOUT PREJUDICE.</u>**

As Rigg properly points out, the problem with this order is that record activity did occur "within 60 days of the notice" in the form of the amended complaint and the motion for service of process. Indeed, the trial court itself subsequently issued orders in the case. The Appellee makes no argument why these filings do not rise to the level of the required record activity. In these circumstances, the existence of record activity within 60 days of the notice removes this case from the ambit of Rule 1.420.

The Appellee, meanwhile, argues that Rigg's failure to effectuate service was an adequate ground for dismissal and asks us to apply the tipsy coachman doctrine on these grounds. We decline to apply the doctrine here

2

because it would require us to resolve factual issues. <u>See, e.g.</u>, <u>R.L.G. v. State</u>, 322 So. 3d 721, 726 (Fla. 3d DCA 2021) (refusing to rely on the "tipsy coachman" doctrine to affirm on the State's fact-intensive argument not considered or ruled upon by trial court).

Reversed.